**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| AL-WAHID ALI, | : | Civil Case No.: 08-2425 (FSH) |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : | **O P I N I O N** |
|  | : |  |
| D.O.C., et al., | : |  |
|  | : |  |
| Defendants. | : |  |

**APPEARANCES**:

 AL-WAHID ALI, Plaintiff, pro se
 # 435650
 Northern State Prison
 P.O. Box 2300
 Newark, New Jersey 07114

 STEPHEN D. HOLTZMAN, ESQ.
 HOLTZMAN AND MCCLAIN, PC
 524 Maple Avenue, Suite 200
 Linwood, New Jersey 08221
 Counsel for Defendant, Correctional Medical Services, Inc.

**HOCHBERG**, District Judge

 Plaintiff, Al-Wahid Ali, currently confined at the Northern State Prison in Newark, New Jersey, brings this application for appointment of counsel with respect to his pending civil action. Having considered Plaintiff's application for appointment of pro bono counsel, and without need for oral argument, pursuant to Fed.R.Civ.P. 78, the Court will deny, without prejudice, the

request for appointment of counsel for the reasons set forth below.

## BACKGROUND

Plaintiff, Al-Wahid Ali, asserts that defendant CMS was deliberately indifferent to his medical needs, in violation of his Eighth Amendment right against cruel and unusual punishment. Namely, Plaintiff alleges that he suffers from Hepatitis C, diabetes, high blood pressure, and other serious and life-threatening medical conditions. He seeks monetary damages of $30 million and injunctive relief.

## DISCUSSION

Indigent persons raising civil rights claims have no absolute constitutional right to counsel. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). In determining whether to appoint counsel, a court should consider several factors:

> As a preliminary matter, the plaintiff's claim must have some merit in fact and law. ... If the district court determines that the plaintiff's claim has some merit, then the district court should consider the following factors:
>
>> (1) the plaintiff's ability to present his or her own case;
>> (2) the complexity of the legal issues;
>> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
>> (4) the amount a case is likely to turn on credibility determinations;
>> (5) whether the case will require the testimony of expert witnesses;
>> (6) whether the plaintiff can attain and afford counsel on his own behalf.

> [Tabron v. Grace, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994).]  This list of factors is not exhaustive, but instead should serve as a guide post for the district courts.
>
> Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases.  Id. at 157.

Parham, 126 F.3d at 457-58.

Applying these factors to this case, the Court is not inclined to allow appointment of counsel at this time.  Here, Plaintiff's complaint was recently removed to this Court by defendant CMS.  Thus, whether or not the Plaintiff's claims have merit, the factual and legal issues "have not been tested or developed by the general course of litigation, making [a number of factors] of Parham's test particularly difficult to evaluate." Chatterjee v. Philadelphia Federation of Teachers, 2000 WL 1022979 at *1 (E.D. Pa. July 18, 2000)(stating that unlike Parham, which concerned a directed verdict ruling, and Tabron, which involved summary judgment adjudication, plaintiff's claims asserted in complaint and motions "have barely been articulated" and have distinctive procedural posture).

With regard to the Tabron/Parham factors, Plaintiff has not demonstrated at this stage of proceedings, the complexity of legal issues, the degree to which factual investigation will be necessary, or that he will be in need of expert witnesses. Likewise, in the case at issue, the Court finds that Plaintiff is

capable of presenting the claims at this early stage.  He has presented to this Court without the assistance of counsel a well-articulated and coherent Complaint.  The Court recognizes that issues may arise in the course of this litigation which may raise a question as to Plaintiff's need for counsel, especially, the need for medical expert witnesses, if the case proceeds to that stage of discovery.  In that case, the Court will consider a renewed motion for appointment of counsel.  At this point in the litigation, however, the Plaintiff's motion for appointment of counsel will be denied, without prejudice.

## CONCLUSION

For the reasons stated above, the Court denies without prejudice Plaintiff's application for appointment of counsel pursuant to Fed.R.Civ.P. 78.  An appropriate Order accompanies this Opinion.

                                                              /s Faith S. Hochberg  
                                                  United States District Judge  
DATED:  June 10, 2008