NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
:
**AL-WAHID ALI**                  :
          **Plaintiff**         :
                           :
     **v.**                         :       **Civil Action No. 08-2425(FSH)**
                           :
                           :
                           :
**D.O.C., et al.**              :       **OPINION**
                           :
          **Defendants**      :
_____:

**SHWARTZ, Magistrate Judge**

     This matter comes before the Court by way of the plaintiffs' motion for leave to file an Amended Complaint to include additional parties, facts and claims based on the defendants' alleged denial of medical services to plaintiff. For the reasons set forth below, the plaintiff's motion is granted in part and denied in part.

<u>FACTS</u>

     On or about February 8, 2008, Al-Walid Ali ("Plaintiff") filed a Complaint in the New Jersey Superior Court against defendants New Jersey Department of Corrections ("D.O.C."), Correctional Medical Services, Inc. ("C.M.S."), Union County Jail, and Monmouth County Jail ("Jails") asserting that defendants were deliberately indifferent to his medical needs. Docket Entry No. 1 Ex. 1. On or about May 16, 2008, defendant C.M.S. filed a Notice of Removal to the United States District Court. Docket Entry No. 1. On June 10, 2008, this Court dismissed with prejudice

defendants D.O.C., Union County Jail, and Monmouth County Jail, and allowed the Complaint to proceed against defendant C.M.S.

On or about August 13, 2008, plaintiff submitted a document entitled "Amendment of Complaint and Jury Demand,"  that contained new factual allegations, Docket Entry No. 16, but did not provide legal basis for the Complaint.  On August 19, 2008, plaintiff submitted an attachment consisting of fifteen separate claims and a jury demand. Docket Entry No. 17.

The Amended Complaint seeks to add the following D.O.C. defendants: (1) Dr. George E. Achebe; (2) Dr. Abu Ahsan; (3) Pamela Anderson; (4) Peter Barnes; (5) Dr. Caputo; (6) Richard Cevasco; (7) Thomas Farrell; (8) Sharon Felton; (9) Dr. Gierstein; (10) Bruce Hauck; (11) George Hayman; (12) Renee Kuntz; (13) Kathryn Mactarland; (14) Karen McBriary; (15) William F. Plantier; (16) Dr. Saits; and (17) Dr. Ralph Woodward, (collectively referred to as "D.O.C. defendants").  The Plaintiff also seeks to add defendant Ifill, who is also referred to as "C.M.S. defendant."  The Amended Complaint seeks to add the following Union County Jail defendants: (1) Cecilia Ritter; (2) Patricia Von Stenths; and (3) Beverly Weber, (collectively referred to as "Union County Jail defendants").  The Amended Complaint also names as defendants Dr. Hochberg, Medical Director, Northern State Prison, and Cathrine O'Donnell, L.P.N. but does not identify O'Donnell's place of employment.  Moreover, the Amended Complaint lists Dr. Soliman, Dr. Levy, Dr. Peter Williams, M.D. D.O.C., and Dr. Hebert Smyczek, M.D. D.O.C., in the category "Doctors Treated," however, it is not clear whether the plaintiff intends to sue these individuals.

The Amended Complaint seeks to expand the facts and allegations upon which his Complaint is based.  It provides detailed allegations regarding the plaintiff's illness, treatment schedule and the doctors' alleged failure to administer necessary tests and medication, which he asserts has created a condition that requires a liver transplant.  The plaintiff alleges that the doctors' deliberate failure to properly document his symptoms in medical evaluation reports prevented him

from petitioning for medical clemency to obtain a transplant.  Moreover, the plaintiff alleges that upon learning about this suit, defendants retaliated by removing the plaintiff from the medical unit where he had been under medical supervision for two years and denied him access to the Law Library.

The Amended Complaint seeks to add new claims.  The original Complaint alleges defendants' deliberate indifference to plaintiff's medical needs and implies that this denial of medical attention constituted cruel and unusual punishment.  The Amended Complaint lists fifteen new causes of action, including: (1) Breach of Contract Causing Damage to Intended Third Party Beneficiary; (2) Medical Malpractice; (3) Negligence; (4) Punitive Damages; (5) Breach of N.J.S.A. 30:4-91.1; (6) Breach of N.J.A.C. 10A:16; (7) Violation of 42 U.S.C. § 1983; (8) Intentional Infliction of Emotional Distress; (9) Cruel and Unusual Punishment; (10) Federal Constitutional Tort - including alleged violations of the Fifth, Eighth and Fourteenth Amendments; (11) State Constitutional Tort; (12) Fraud; and (13) Conspiracy.

## SUMMARY OF THE ARGUMENTS

Plaintiff's motion to Amend the Complaint lists the defendants, the factual and legal theories plaintiff seeks to add.  Although the plaintiff does not specifically state the reasons why he seeks to amend the Complaint, a liberal reading of his submission suggests that he wishes to provide additional details of the defendants' alleged deliberate indifference to his medical needs and to add new defendants.

In opposition, defendant C.M.S. asserts that the Court should deny the motion because: (1) the Amended Complaint failed to comply with the requirements of Fed. R. Civ. P. 15 because plaintiff seeks to add new defendants after the statute of limitations period has passed, and (2) plaintiff is unable to meet the substantive requirements of Fed. R. Civ. P. 15, R. 4:25-4 and applicable federal and state case law because the Amended Complaint does not sufficiently describe John Doe defendants or seek to replace misnamed defendants.  Docket Entry No. 21.

<u>DISCUSSION</u>

Rule 15 of the Federal Rules of Civil Procedure, which governs amendments to pleadings, provides in relevant part:

> . . . In all other cases, [that is other than cases where a party may amend its pleading as of right] a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(2). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits," and providing that if the underlying facts relied upon by a party might be a proper subject of relief, that party should have the opportunity to test its claims on the merits. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). Under Rule 15, the decision to amend rests in the sound discretion of the Court. <u>See id.</u>; <u>Heyl & Paterson Int'l Inc. v. F.D. Rich Hous. of Virgin Islands, Inc.</u>, 663 F.2d 419, 425 (3d Cir. 1981). The United States Supreme Court has stated that leave to amend under Rule 15 may be denied in cases of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment. <u>See Foman</u>, 371 U.S. at 182; <u>Alvin v. Suzuki</u>, 227 F.3d 107, 121 (3d Cir. 2000); <u>see also Arthur v. Maersk, Inc.</u>, 434 F.3d 196, 204-05 (3d Cir. 2006)(stating that "[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust" and noting that although there is no "presumptive period in which a motion for leave to amend is deemed 'timely' or in which delay becomes 'undue,'" a delay of eleven months is not presumptively unreasonable). Stated differently, absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed, or futility of amendment. <u>Long v. Wilson</u>, 393 F.3d 390, 400 (3d Cir. 2004) (citations, quotations, and emphasis omitted).

A. <u>Appropriate Parties</u>

4

As a preliminary matter, the June 10, 2008 Order dismissed with prejudice defendant D.O.C. because it is immune under the Eleventh Amendment, and defendants Union County Jail and Monmouth County Jail because they are not "persons" for purposes of Section 1983 liability. Docket Entry No. 6. To the extent that any claim seeks to add D.O.C. as a defendant, such request to add the claim is denied. Therefore, the Court will only consider claims with respect to individual defendants from the D.O.C. and the Jails. Similarly, the Court will consider all John Doe defendants not precluded under the June 10, 2008 Order.[1]

Here, plaintiff requests to add Haymen, Cevasco, Farrell, Hauck, Ifill, Hochberg, and John Doe(s) as defendants. Plaintiff describes in general terms the actions defendants Haymen,

_____

[1] Plaintiff names one John Doe under "Doctor Treated" section of plaintiff's "character cast" and described two specific John Doe defendants as: (1) a doctor at the Union County Jail in 1999 who misdiagnosed plaintiff's Hepatitis B and C; and (2) a doctor at M.C.C.I. Docket Entry No. 16-2. Plaintiff also alleges eight separate claims against the "John Doe defendants" and describes them as "individuals, corporations, partnerships, or other. entities, who performed,[] directed, instructed, ordered and/or were otherwise responsible for the care, service[,] and/or treatment of patients in the custody of the NJDOC, including NSP, where the [p]laintiff[] is housed[] and whose identities are not known to the [p]laintiff at this time." Id.

Cevasco, Farrell, Hauck, and Ifill performed in his "Factual Background." [2]  Docket Entry No. 16-2.

Defendant argues plaintiff should be barred from filing the proposed Amended Complaint as plaintiff is barred by the statute of limitations for fictitious party pleading provided under federal law and state law.  Docket Entry No. 21 at 4-5; see Fed. R. Civ. P. 15(c).  This argument is inapposite as plaintiff does not seek to substitute the names of individuals for John Doe defendants because plaintiff did not name any John Doe defendants in his original complaint.  Docket Entry No. 1.  Thus, the Count must determine if there is a basis for plaintiff to add new claims and defendants.

                  B. Bad Faith & Undue Delay

---

[2]  In Count VI plaintiff alleges that defendants Hayman, Cevasco, Farrell, Hauck, Ifill, Hochberg, and John Doe(s) "continually refused to provide Plaintiff with proper, and necessary medical treatment, and medical procedures."  Docket Entry No. 16-2.

In Count X, plaintiff alleges that defendants C.M.S., D.O.C., Hayman, Cevasco, Farrell, Hauck, Ifill, Hochberg, and John Doe(s) "authorize[d] certain individuals including, but not limited to the named defendants[,] to negligently perform their duties in wanton [disregard] [for] person[s] such as [p]laintiff, and cause person[s] such as [p]laintiff to be denied their constitutionally protected [r]ights, including, but not limited to [] free[dom] from [cruel] and unusual punishment, and unconstitutional incarceration" and performed and tolerated these acts through their "policies[] and practices."  Id.

In Count XI, plaintiff alleges that defendants C.M.S., D.O.C., Hayman, Cevasco, Farrell, Hauck, Ifill, Hochberg, and John Doe(s) "knew or should have known of the violation of constitutional rights perpetrated upon [p]laintiff by subordinates, but neglected, failed, and refused[] said wrongful[] and illegal acts when such defendants had the power to do. . . ."  Id.

In Count XII, plaintiff alleges that defendants C.M.S., D.O.C., Hayman, Cevasco, Farrell, Hauck, Ifill, Hochberg, and John Doe(s) intentionally inflicted emotional distress.

In Counts XIII and XIV, plaintiff alleges that defendants C.M.S., D.O.C., Hayman, Cevasco, Farrell, Hauck, Ifill, Hochberg, and John Doe(s) acted illegally in their individual and official capacities to "violate the constitutional rights of the [p]laintiff."  Id.

In Count XVII, plaintiff alleges that defendants C.M.S., D.O.C., Hayman, Cevasco, Farrell, Hauck, Ifill, Hochberg, and John Doe(s) "supervised the aforementioned defendants who unlawfully violated [p]laintiff['s] constitutional rights and encouraged and tolerated the policies and practices described in the [] foregoing paragraphs."  Id.

With regard to undue delay and bad faith in seeking to amend a complaint, the Court of Appeals for the Third Circuit has stated:

> The passage of time, without more, does not require that a motion to amend a complaint be denied; however, at some point, the delay will become undue, placing an unwarranted burden on the court, or will become prejudicial, placing an unfair burden on the opposing party. The question of undue delay, as well as the question of bad faith, requires that we focus on the [movant's] motives for not amending their [pleading] to assert this claim earlier; the issue of prejudice requires that we focus on the effect on the [adverse party].

Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir.1984) (internal citations and internal quotation marks omitted); see also Cureton v. NCAA, 252 F.3d 267, 273 (3d Cir. 2001) (stating that "the question of undue delay requires that we focus on the movant's reasons for not amending sooner" and the issue of prejudice focuses on hardship to the nonmovant if the amendment is permitted); Lindquist v. Buckingham Twp, Civ. Nos. 03-2431, 03-2971, 2004 WL 1598735, at *6 (3d Cir. July 19, 2004) (unpublished) (affirming denial of leave to amend complaint to include equal protection claim in light of finding that the documents that the amending party alleged were withheld, and which gave rise to amended claim, were public and delay was, therefore, inexcusable).

Furthermore, under Rule 15, leave to amend is generally granted where, during the course of discovery, a party discovers "new evidence." See e.g. Slade v. Fauver, Civ. No. A.90-1417, 1990 WL 153960, at *4 (D.N.J. Sept. 24, 1990) (granting leave to amend where new claims were discovered and "proposed amendments had no dilatory purpose and no significant discovery or pretrial preparation had taken place"); Kronfeld v. First Jersey Nat'l Bank, 638 F.Supp. 1454, 1460 (D.N.J. 1986) (granting motion to amend upon discovery of new evidence where it did "not appear that the amendment would cause undue delay or that plaintiffs have a dilatory motive").

Here, the Court does not find that plaintiff's request for leave to file an Amended Complaint to add new claims is the result of undue delay or bad faith. First, as to undue delay, the record indicates that plaintiff's first application to amend was denied without prejudice by this

Court on July 15, 2008, Docket Entry No. 14, and the plaintiff filed a new motion to amend on

August 13, 2008.  Docket Entry No. 16.  Thus, the plaintiff filed the present motion by the deadline

set forth in the Order, dated July 15, 2008.  Second, there is nothing in the record to show that the

defendants will be prejudiced by the timing of plaintiff's request to amend the Complaint to add

the proposed additional claims.  The discovery period will end on December 1, 2008, see Amended

Scheduling Order dated November 12, 2008, and thus, if the amendments are permitted, the

defendants have ample opportunity to investigate plaintiff's claims or seek an extension of time to

do so.  Third, to the extent any defendant believes the claims are time barred under the applicable

statute of limitations, the defendant will have an opportunity to file a motion to dismiss on that

basis.  Lastly, the record does not indicate, and nor do the defendants argue, that the plaintiff has

acted in any way to obtain a tactical advantage by adding the proposed additional claims or

defendants at this time.  As such, there is nothing before the Court to suggest that the defendants

would be prejudiced by adding the new claim at this juncture.  Thus, neither delay nor prejudice

will preclude the amendment.

        C. <u>Futility</u>

     An amendment, however, can be denied if it is futile.  An amendment will be considered

futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face."

<u>Harrison Beverage Co. v. Dribeck Imps., Inc.</u>, 133 F.R.D. 463, 468 (D.N.J. 1990) (citations and

quotations omitted).  In determining whether an amendment is "insufficient on its face," the Court

employs the Rule 12(b)(6) motion to dismiss standard.  <u>In re Burlington Coat Factory Sec. Litig.</u>,

114 F.3d 1410, 1434 (3d Cir. 1997) (citations omitted).  The question before the Court, therefore,

is not whether the movant will ultimately prevail; rather, it is whether the movant can prove any set

of facts in support of the asserted claims that would entitle the movant to relief.  <u>Hishon v. King &</u>

<u>Spalding</u>, 467 U.S. 69, 73 (1984).  A motion to dismiss may be granted under Rule 12(b)(6) if the

plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face."

Bell Atl. Corp. v. Twombly, __ U.S.__, 127 S.Ct. 1955, 1974 (2007); see also id. at 1968-69

("retiring" the rule first articulated in Conley v. Gibson, 355 U.S. 41, 45-46 (1957) that "a

complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that

the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

Indeed, while detailed factual allegations are not necessary to survive a Rule 12(b)(6) motion, "a

pleader's obligation to provide the grounds of his entitlement to relief requires more than labels[,]

conclusions, and a formulaic recitation of the elements of a cause of action" and requires that the

"[f]actual allegations . . . be enough to raise a right to relief above the speculative level . . . on the

assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly,

127 S.Ct. at 1965; see Showalter v. Brubaker, Civ. No. 07-2950, 2008 WL 2397528, at *1 (3d Cir.

June 13, 2008)(unpublished); Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir.

2008)(stating that the Twombly pleading standard requires that "factual allegations must be enough

to raise a right to relief above the speculative level and, to state a claim, the complaint [must

embody] . . . enough factual matter (taken as true) to suggest the required element.  This does not

impose a probability requirement but instead calls for enough facts to raise a reasonable

expectation that discovery will reveal evidence of the necessary element.").  When examining the

sufficiency of a litigant's pleading under Rule 12(b)(6), courts consider the proposed pleading and

documents incorporated therein[3] and view the allegations set forth therein as true and in the light

most favorable to the party asserting them.  See Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir.

2004) (citations omitted).

    1.       Count I: Breach of Contract Causing Injury to an Intended Third Party Beneficiary

---

[3]In evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court may consider only the pleading, exhibits attached to the pleading, matters of public record, and undisputedly authentic documents if the claims are based on those documents.  Pension Guaranty Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1992).

In proposed Count I, the plaintiff alleges there was a breach of contract between D.O.C. and C.M.S, and that he is entitled to recover based on his status as an intended third party beneficiary. Attach. to Am. Compl. at 2.  N.J.S.A. § 2A:15-2 provides: "[a] person for whose benefit a contract is made, either simple or sealed, may sue thereon in any court . . . although the consideration of the contract did not move from him."  Such a third-party, however, may only enforce a contract if it is an intended beneficiary, rather than an incidental beneficiary. See Rieder Communities, Inc. v. Twp. of N. Brunswick, 227 N.J.Super. 214 (App.Div. 1988).  To determine whether a third-party is an intended beneficiary, "New Jersey courts look to whether the contracting parties have expressly intended for that third-party to 'receive a benefit which might be enforced in the courts.'" Washington v. Correctional Medical Services, Civ. No. 05-3715, 2006 WL 1210522 (D.N.J. April 28, 2006) (quoting Airmaster Sales Co. v. N. Bridge Park Co-op, Inc., 748 F.Supp. 1110, 1117-18 (D.N.J. 1990) (finding no standing when plaintiff only alleged, and provided no evidence, that he was an intended third-party beneficiary).  As in Washington, plaintiff does not allege facts to show that he was an intended third-party beneficiary of the contract between the D.O.C. and C.M.S.  Id.; Docket Entry No. 17 at 2, ¶26.  Accordingly, the plaintiff does not have standing to sue as a third party beneficiary on the contract that makes C.M.S. an "exclusive provider" of medical services to inmates.  As such, as a matter of law, Count I is futile. Thus, plaintiff's motion to add Count I is denied.

2.   Count II: Medical Malpractice

In proposed Count II, plaintiff seeks to add a claim for medical malpractice.  To establish a prima facie case of negligence in a medical malpractice action, a plaintiff must establish: (1) the applicable standard of care; (2) a deviation from that standard of care; and (3) that the deviation proximately caused the injury.  See Gardner v. Pawliw, 150 N.J. 359, 375 (1997).  A complaint is not required to spell out the legal theory upon which it is based.  See Farese v. McGarry, 237 N.J.Super. 385, 390 (App.Div.1989).  Rather, it must state a claim sufficient to "fairly apprise the

adverse party of the claims and issues to be raised at trial." Teilhaber v. Green, 320 N.J.Super.

453, 464 (App. Div. 1999) (citations omitted).  Moreover, in malpractice cases, New Jersey law

requires plaintiffs to serve, within a certain period of time, an Affidavit of Merit by an appropriate

licensed person stating that there is a reasonable probability that each defendant's conduct fell

outside acceptable professional standards.  See N.J.S.A. 2A:53A-27.  Failure to comply with these

requirements is deemed a failure to state a claim.  See N.J.S.A. 2A:53A-29; Chamberlain v.

Gianpapa, 210 F.3d 154, 160 (3d Cir. 2002).

Here, without providing individual names, plaintiff asserts that C.M.S. and D.O.C.

defendants failed to exercise the degree of care in accordance with the accepted medical standards

when they stopped checking plaintiff's blood work, administering screening tests and providing

necessary medication.  The plaintiff asserts that these omissions proximately caused his aggravated

liver condition.  The July 15, 2008 Order instructed the plaintiff to state with specificity the names

and actions of the individual actors.  However, allegations in Count II do not include individual

defendants names or give specific details as to their individual role in the alleged failure to provide

medical care in violation of the July 15, 2008 Order, which required such specificity.  Lastly, there

is no evidence before the Court to suggest that plaintiff complied with N.J.S.A. 2A:53A-27.  As

such, plaintiff's leave to amend the Complaint to add Count II is denied for failing to comply with

the July 15, 2008 Order.

3.     Count III: Negligence

Count III seeks to add the claim of negligence against defendant C.M.S.  Under New Jersey

law, to maintain a negligence action, "a plaintiff must allege that the defendant had a duty of care

which it breached, and that the breach proximately caused legally cognizable injury."  Brunson v.

Affinity Federal Credit Union, 402 N.J.Super. 430 (App. Div. 2008).  Here, the plaintiff alleges

that C.M.S. had a legal duty by virtue of their contract with D.O.C. to provide medical services to

inmates in D.O.C. custody.  Plaintiff states that defendants breached this duty by refusing to

provide proper medical treatment, which proximately caused plaintiff's aggravated liver condition. Specifically, he states that defendants Weber and John Doe misdiagnosed his condition and failed to prescribe medication, Am. Compl. at ¶ 1, failed to monitor plaintiff's blood work and failed to administer CAT and ultrasound scans, id. ¶¶ at 4, 9, repeatedly failed to provide laboratory reports and medical history to Dr. Gierstein, Dr. Muhamman and Dr. Samantha that would have allowed for a complete evaluation and diagnosis, id. at ¶¶ 6, 10, and defendant Hochberg falsified plaintiff's liver viral load count which disqualified plaintiff from seeing a liver specialist. Id. at ¶ 8. These allegations, if proven, are sufficient to state a claim for negligence against defendants C.M.S., Weber, and Hochberg. Therefore, plaintiff's motion to add Count III against defendant C.M.S., Weber, and Hochberg is granted.

4.   Counts VI (violation of  N.J.S.A. 30:4 - 91.1, et seq) and VII (violation of N.J.A.C. 10A:16, et seq)

Counts VI and VII seek to add claims for violations of N.J. S.A. 30:4 - 91.1, et seq[4] and N.J. A.C. 10A:16.[5]  In both Counts, the plaintiff alleges that defendants failed to provide necessary

---

[4] N.J.S.A. 30:4 - 91.1 (2008) states

> When a person has been convicted of an offense against the State of New Jersey and has been committed for a term of imprisonment by a court to an institution defined in R.S. 30:1-7, and when it appears to the satisfaction of the Commissioner of Institutions and Agencies that the inmate should be transferred to an institution or facility more appropriate for his needs and welfare or that of other inmates or for the security of the institution, the commissioner shall be authorized and empowered to designate the place of confinement to which the inmate shall be transferred to serve his sentence.

[5] Although plaintiff claims breach of N.J. A.C. 10A:16, the Court will construe the citation as N.J. A.C. 10A:16-2.1(a).

N.J.A.C. 10A:16-2.1(a) (2008) states

> Medical services shall be provided for the following:
> 1. Emergency and life threatening/limb threatening conditions;

medical treatment and dental services and seeks equitable relief.  Because N.J.S.A. § 30:4 - 91.1 governs the transfer of inmates, not inadequate medical treatment, and plaintiff puts forth no facts concerning transfer, his claim under this provision is futile.

With respect to N.J.A.C. §  10A:16-2.1, this provision was promulgated by the Commissioner of the Department of Corrections ("the Commissioner") under grant of authority by statute.  See N.J. Admin. Code § 10A:16; N.J.S.A 30:1B-10; N.J.S.A. 30:1B-6.  The purpose of the regulation is to, among other things, "perform such other functions as may be prescribed in this act or by any other law."  N.J.S.A 30:1B-6(q).  In this regard, Estelle v. Gamble, 429 U.S. 97, 103 (1976), requires prison officials "to provide medical care for those whom it is punishing by incarceration."  Because the Commissioner promulgated the regulation in accordance with Estelle v. Gamble, which provides a constitutional basis for a cause action for failure to provide medical care, the Court finds plaintiff has no separate private cause of action under N.J. Admin. Code § 10A:16.  Id.  Therefore, plaintiff's request to add Counts VI and VII is denied as futile.

5.  Counts XI and XVII - Action for Neglect to Prevent Conspiracy

Plaintiff seeks to add companion claims for conspiracy to interfere with civil rights pursuant to 42 U.S.C. § 1985(3) (Count XI) and failure to prevent such conspiracy pursuant to 42 U.S.C. § 1986 (Count XVII).  Section 1985 provides a plaintiff with a cause of action where two or more persons conspire to deprive the plaintiff of his civil rights. 42 U.S.C. § 1985(3).  Section

---

2. Accidental or traumatic injuries occurring while incarcerated;

3. Acute illness;
4. Chronic conditions which are considered life threatening or if untreated would likely lead to a significant loss of function; and
5. Any other medical condition which the treating physician believes will cause deterioration of the inmate's health or uncontrolled suffering.

1986 imposes civil liability on persons who have knowledge that violations of Section 1985 "are about to be committed," have the "power to prevent or aid in preventing commission of the same," and refuse to do so. 42 U.S.C. § 1986.  Having failed to allege any violation of Section 1985(3), the Complaint cannot state a claim under Section 1986.  Clark v. Clabaugh, 20 F.3d 1290, 1295 (3d Cir. 1994)  (holding that a Section 1986 claim derives from a Section 1985 claim).

For a plaintiff to establish a claim under the civil rights conspiracy statute, the plaintiff must show: "(1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States."  Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 1997) (citing Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)).  Here, the plaintiff fails to show that defendants' animus toward him as a member of a protected class.  Thus, plaintiff's allegations of conspiracy are not sufficient to state a claim for violation of Section 1985 under Twombly.  Therefore, Plaintiff's leave to amend the Complaint with respect to Count XI is denied.

Relatedly, if the elements of the Section 1985 claim are missing, a companion claim under Section 1986 should also be dismissed.  See Adegbuji v. Middlesex County, Civ. No. 03-1757, 2006 WL 2806289 (D.N.J. Sept. 28, 2006).  Because plaintiff failed to provide factual allegations to support his conspiracy claim, his claim under section 1986 must also fail.  Thus, the plaintiff's request to add Counts XI and XVII and the defendants named therein is denied.

6.      Count XII: Intentional Infliction of Emotional Distress

Count XII of the proposed Amended Complaint seeks to add a claim for intentional infliction of emotional distress again defendants C.M.S., D.O.C., Hayman, Cavasco, Farell, Hauck, Ifill, Hochberg, and John Doe defendants.  To prevail on such a claim, the plaintiff must establish severe emotional distress proximately caused by defendant's outrageous conduct.  See Buckley v.

Trenton Saving Fund Soc'y, 111 N.J. 355, 365-66 (1988).  To this end, plaintiff must prove: (1) defendants intended both to do the act and to produce emotional distress or acted in reckless deliberate disregard of a high degree of probability that emotional distress will follow, id.; (2) the defendant's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community," id.; (3) the defendant's actions must have been the proximate cause of the plaintiff's emotional distress; and (4) the emotional distress suffered by the plaintiff is "so severe that no reasonable man could be expected to endure it." Id.  To establish the final element, a plaintiff must show a "severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so. . . ." Taylor v. Metzger, 152 N.J. 490, 515 (1998) (internal citations and quotation marks omitted).  In Buckley, the New Jersey Supreme Court found that plaintiff's testimony that he was aggravated, embarrassed, developed headaches and lost sleep was insufficient to satisfy this requirement.  See 111 N.J. at 368.  In this case, however, the plaintiff alleges: (1) defendants' actions were intentional and "calculated" to inflict emotional distress; (2) defendant's conduct was "wanton" and amounted to deliberate and willful disregard, see Attach to Am. Compl. at ¶ 44; and (3) plaintiff suffered "emotional pain," "embarrassment," "humiliation," and "mental anguish." See Attach to Am. Compl. at ¶ 44. Although, as in Buckley, plaintiff here alleges embarrassment, plaintiff also alleges humiliation, emotional pain, and mental anguish.  Buckley, 111 N.J. at 368; Am. Compl. ¶ 44.  Therefore, the Court finds that plaintiff has satisfied the Buckley test and the request to add Count XII against defendants C.M.S., Ifill, Hayman, Cevasco, Farrell, Hauck, Hochberg and John Does is granted.

> 7.  Count X: 42 U.S.C. § 1983

Count X alleges a violation of plaintiff's Section 1983 rights against defendants C.M.S., D.O.C., Hayman, Cevasco, Farrell, Hauck, Ifill, Hochberg, and John Does.  Section 1983 does not provide any substantive rights, but rather is a vehicle for the enforcement of constitutional rights.

15

See Albright v. Oliver, 510 U.S. 266, 271 (1993).  To establish a viable Section 1983 claim, a plaintiff must demonstrate that the "'conduct complained of was committed by a person acting under color of state law'" and that the "'conduct deprived [the plaintiff of his] rights, privileges, or immunities secured by the Constitution or laws of the United States.'"  Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993) (quoting Parratt v. Taylor, 451 U.S. 527, 535 (1981)).

Count X alleges the D.O.C. had a policy to authorize employees to "negligently perform their duties" that amounted to cruel and unusual punishment for inmates.  Through these allegations, the plaintiff seeks to attach liability to defendant D.O.C.  Defendant D.O.C., however, has been dismissed with prejudice.

With respect to the Eighth Amendment claim of cruel and unusual punishment and unconstitutional conditions of confinement against defendants C.M.S., Hayman, Cevasco, Farrell, Hacuk, Ifill, Hochberg, and John Does as set forth below, plaintiff's allegations appear to be sufficient to meet Twombly.  Therefore, plaintiff's motion for leave to file an Amended Complaint to add Count X and the named parties in that claim, except D.O.C., is granted.

8.   Counts XIII and XIV: Violation of the Eighth and Fourteenth Amendments

Counts XIII and XIV provide substantially similar language regarding the alleged violation of plaintiff's due process and equal protection rights guaranteed by the Fourteenth Amendment and his right to be free from cruel and unusual punishment under the Eighth Amendment.

A. Violation of Due Process under the Fourteenth Amendment

The Supreme Court has held that the Eighth Amendment rather than the Due Process Clause of the Fourteenth Amendment controls examination of whether prison officials have provided constitutionally adequate medical care to convicted inmates, compared to those who await trial.  See City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 243-45 (1983); Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 n.31 (3d Cir. 1987).  Inmates, however, may rely on the Fourteenth Amendment as an avenue to challenge

16

prison practices that deprive them of their fundamental rights.  See e.g., Pitts v. Hayman, Civ. No. 07-2256, 2008 WL 1776568, *22 (D.N.J. April 18, 2008) (considering whether defendants' alleged failure to provide adequate medical services violated inmate's property interest protected by due process of the Fourteenth Amendment).  The Fourteenth Amendment Due Process Clause prevents the government from engaging in conduct that "shocks the conscience," or interferes with rights "implicit in the concept of ordered liberty."  United States v. Salerno, 481 U.S. 739, 746 (1987) (discussing Fifth Amendment's due process clause, which contains identical language); see A.M. v. Luzerne County Juvenile Det. Ctr., 372 F.3d 572, 579 (3d Cir. 2004) (stating that "[n]egligent conduct is never egregious enough to shock the conscience, but conduct intended to injure most likely will rise to the level of conscience-shocking").  To prevail on a substantive due process claim, the plaintiff must demonstrate that he or she has a "fundamental" property interest or right under the United States Constitution, Hill v. Borough of Kutztown, 455 F.3d 225, 235 (3d Cir. 2006), and that a state actor engaged in acts that deprived the plaintiff of such a right.

In civil rights cases, liability cannot be predicated solely on the doctrine of respondeat superior, rather personal involvement in the alleged wrongs is required.  See Parratt v. Taylor, 451 U.S. 527, 537 n.3 (1981); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976).  Personal involvement can be shown through allegations of personal direction or of actual knowledge.  See Boykins v. Ambridge Area School District, 621 F.2d 75 (3d Cir. 1980) (finding civil rights complaint adequate where it states time, place, persons responsible).

Here, the plaintiff asserts that he has a liberty interest "clearly established" by statute or the Constitution "of which a reasonable person would have known."  Am. Compl. at ¶ 86.  Reading the Amended Complaint liberally, it appears plaintiff asserts that defendants deprived him of his rights to adequate medical care and to be free from unnecessary and wanton infliction of pain.  Id. at ¶¶ 4, 78.  Plaintiff further asserts that defendants failed to provide medication and

misrepresented his medical records and complaints in reports, id. at ¶¶ 6, 8, failed to notify plaintiff that his cirrhosis became malignant, id. at ¶ 5, and moved him away from a unit where he received continuous medical attention.  Id. at ¶ 8.  The plaintiff has not alleged that either defendant Ifill, Hayman, Cevasco, Farrell, Hauck, or John Doe(s) had any personal involvement in his medical treatment or the diagnosis of his various medical conditions. Rather, plaintiff generally alleges these defendants "committed [acts] constitut[ing] a crime, actual fraud, actual malice[,] or willful misconduct." Am. Compl.  at ¶ 78.  With respect to defendant Hochberg, the plaintiff asserts that he: (1) discontinued all orders for medication of the previous physician, id. at ¶ 8; (2) made a mistake of the viral blood count in his report sent to Sharon Felton, id.; and (3) failed to send plaintiff's medical records to an outside physician.  Id. ¶ 10.  The Court finds that plaintiff's allegations with regards to defendant Hochberg, if true, are sufficient to show that defendants engaged in some conduct that was so egregious that, if proven, "shocks the conscience " of the Court or "interferes with rights implicit in the concept of ordered liberty." Ziccardi v. City of Philadelphia, 288 F.3d 57, 66 (3d Cir. 2002) (finding plaintiff's actions shocks the conscience if defendants EMTs lifted plaintiff without head or neck support while knowing plaintiff had a serious injury); Salerno, 481 U.S. at 746; DiPeppe v. Ridge, 140 Fed. Appx. 377, 381-82 (3d Cir. July 25, 2005) (finding actions did not shock the conscience as defendants did not "interfere or deprive" plaintiff of psychiatric care nor deport plaintiff "with the intent that [plaintiff] commit suicide").  Viewing all of these allegations liberally as required by Haines v. Kerner, 404 U.S. 519, 520-21 (1972), and assuming they are true, it appears that plaintiff's substantive due process claim under the Fourteenth Amendment and the New Jersey Constitution against defendants C.M.S., Ifill, Hayman, Cevasco, Farrell, Hauck, Hochberg, and John Does are not futile and the request for leave to add the claim against these defendants is granted.

B. Equal Protection under the Fourteenth Amendment

In Count XIII, the plaintiff also seeks to add a claim for violation of his equal protection rights under the U.S. Constitution and New Jersey Constitution.  To assert an equal protection claim under the Fourteenth Amendment, the plaintiff must "prove the existence of purposeful discrimination," Batson v. Kentucky, 476 U.S. 93, 93 (1986), and that his treatment was different "from that received by other individuals similarly situated." Andrews v. City of Philadelphia, 895 F.2d 1469, 1478 (3d. Cir. 1990); see also Jubilee v. Horn, 975 F.Supp. 761, 765 (E.D.Pa 1995), aff'd,151 F.3d 1025 (3d Cir. 1998) (observing that since prisoners are not members of a protected class, the plaintiff must show that she was treated differently than similarly situated inmates for no legitimate or rational reason).  Here, the plaintiff does not indicate specifically that he is a member of any protected class.  Further, plaintiff has not asserted that he was treated differently from other inmates for no rational reason.  Instead, he simply states that he was denied adequate medical treatment.  Such allegations are insufficient to state an equal protection claim.  Accordingly, plaintiff's request to add this claim is denied as futile.

### C. Eighth Amendment

Count XIII also seeks to add a violation of plaintiff's Eighth Amendment rights because defendants were allegedly deliberately indifferent to his medical needs.  The Eighth Amendment proscribes cruel and unusual punishment, and requires that prison officials provide adequate medical care to inmates.  See Estelle v. Gamble, 429 U.S. 97, 103-04 (1976); Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999).  To bring a cognizable claim for violation of the right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. See Natale v. Camden County Corr. Facilities, 318 F.3d 575, 582 (3d Cir. 2003).  The Court of Appeals for the Third Circuit defines serious medical need as: (1) "one that has been diagnosed by a physician as requiring treatment;" (2) "one that is so obvious that a lay person would recognize the necessity for a doctor's attention;" or (3) one for which "the denial of treatment would result in the unnecessary and

wanton infliction of pain" or "a life-long handicap or permanent loss."  <u>Atkinson v. Taylor</u>, 316

F.3d 257, 272-73 (3d Cir. 2003) (internal quotations and citations omitted); <u>see</u> <u>also</u> <u>Monmouth</u>

<u>County Corr. Institutional Inmates v. Lanzaro</u>, 834 F.2d 326, 347 (3d Cir. 1987).  To demonstrate

deliberate indifference the plaintiff must show that the prison official: (1) knew of a prisoner's need

for medical treatment but intentionally refused to provide it; (2) delayed necessary medical

treatment based on a non-medical reason; or (3) prevented a prisoner from receiving needed or

recommended medical treatment." <u>Rouse</u>, 182 F.3d at 197.

   The proposed Amended Complaint alleges that the plaintiff was treated by Dr. Achebe in

2003 who diagnosed his condition that "reached a chronic status," and required medication.  Am.

Compl. at ¶ 2.  Similarly, plaintiff alleges Dr. Hochberg knew "or should have known that

[plaintiff's] condition [and] symptoms are so critical [to] warrant seeing the liver specialist without

delay." Am. Compl. at ¶8.   Throughout the Complaint plaintiff alleges that defendants knew of his

deteriorated liver condition but intentionally failed to provide treatment and necessary tests, which

disqualified him from obtaining medical clemency.  These allegations, if true, are sufficient to state

a claim that Dr. Hochberg's actions violated plaintiff's Eighth Amendment rights.[6]  Plaintiff,

however, fails to allege any specific acts taken on the part of any defendants other than C.M.S.,

Ifill, Hayman, Cevasco, Farrell, Hauck, and John Doe(s).  Therefore, plaintiff's motion to add

Count XIII based on the violation of Eighth Amendment rights against defendants C.M.S., Ifill,

Hayman, Cevasco, Farrell, Hauck, Hochberg, and John Does is granted.

   9.   <u>Count XV: Violation of State Constitutional Rights</u>

   Plaintiff seeks to add Count XV for the violation of his rights under the New Jersey

Constitution.  The allegations in ¶ 86 of the proposed Amended Complaint state: "the acts of the

defendants . . . constitute a violation of the Plaintiff['s] constitutional rights to equal protection of

---

[6] Although plaintiff describes acts taken by Dr. Achebe, plaintiff does not assert any
Eighth Amendment claims against Dr. Achebe.

the laws guaranteed under the New Jersey Constitution, Article I, 7 giving rise to a common law tort action." The New Jersey Constitution provides a cause of action for a violation of the rights which it guarantees. See Scully v. Borough of Hawthorne, 58 F. Supp. 2d 435, 459 (D.N.J. 1999). Although plaintiff states that his right to equal protection has been violated, he cites to Article 1 paragraph 7 of the New Jersey Constitution which provides for the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." The proposed Amended Complaint, however, does not set forth facts describing how he was deprived of equal protection or was subject to unreasonable search and seizure. Therefore, the motion to add Count XV is denied as futile.

        10.     Count XVI: Fraud

Count XVI seeks to add a claim of fraud. In New Jersey, a cause of action for common-law fraud has five elements: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages. See Winslow v. Corporate Express, Inc., 364 N.J. Super 128 (App. Div. 2003). Under Rule 9(b) of the Federal Rules of Civil Procedure, "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Here, the plaintiff merely states that defendants intentionally misrepresented his dental condition, which was the proximate case of his injury. Without further detail, these facts fail to address all elements of the action for common-law fraud, do not describe the circumstances of fraud "with particularity," and therefore violate the requirement of Twombly. Thus, plaintiff's motion for leave to file an Amended Complaint to add a claim for fraud as described in Count XV and conspiracy to defraud as mentioned in Count XIII is denied as futile.

        11.     Counts IV and V: Punitive Damages

Plaintiff seeks to amend the Complaint to add a claim for punitive damages separately in Counts IV and V, and requesting such relief in Counts I-V, VII, X-XVI.  Punitive damages are a remedy available for certain causes of action and not an independent substantive cause of action, see Hassoun v. Cimmino, 126 F.Supp. 2d 353 (D.N.J. 2000), and may be sought only in those causes of action for which such damages are available.  As a general rule, punitive damages are not available for a Section 1983 action against a government entity.[7] See Newport v. Fact Concerts, 453 U.S. 247, 259 (U.S. 1981) (finding punitive damages are unavailable against a municipality in a §1983 action as it punishes taxpayers); see also, N.J.S.A. 59:9-2(c).  Similarly, punitive damages are unavailable generally for breach of contract, Barnes v. Gorman, 536 U.S. 181, 187-88 (U.S. 2002) (citing Restatement (Second) of Contracts § 355 (1981) (stating "punitive damages are not recoverable for a breach of contract unless the conduct constituting the breach is also a tort for which punitive damages are recoverable")), or in cases of mere or gross negligence. See Kane v. U-Haul Int'l, Inc., 218 Fed. Appx. 163, 167 (3d Cir. 2007) (stating that to be entitled to recover punitive damages, the [plaintiff] must prove that the [defendant's] conduct was more than negligence or gross negligence."); N.J.S.A. 2A:15-5.12(a) (stating that the "burden of proof may not be satisfied by proof of any degree of negligence including gross negligence.").

In this case, the plaintiff seeks to add punitive damages as a remedy for all of his claims, in addition to Counts IV and V.  Because punitive damages is a remedy and not a separate cause of action, the motion to add Counts IV and V seeking to add punitive damages as stand-alone claims is denied.

The plaintiff, however, requests punitive damages as part of each Count in his Amended Complaint.  Plaintiff's request to add punitive damages with respect to Counts I, II, VI, VII, XI,

---

[7] A plaintiff, however, may be entitled to punitive damages in a Section 1983 action upon showing that defendant's conduct was motivated "by evil motive or intent, or when it involves reckless or callous  indifference to the federally protected rights of others." Brennan v. Norton, 350 F.3d 399, 428 (3d Cir. 2003) (citing Smith v. Wade, 461 U.S. 30 (1983)).

XV, XVI, and XVII is denied as moot as the request to add counts was denied.  Plaintiff request to add punitive damages with respect to Count III is denied as negligence is not sufficient to support punitive damages.  N.J. Stat. Ann. § 2A:15-5.12(a).  Plaintiff's request to add punitive damages with respect to Counts X, XII, XIII, and XIV is granted.

      12. <u>Other Proposed Defendants</u>

      Plaintiff has mentioned many names in his proposed Amended Complaint and was notified that he must describe the role the particular defendant played in each alleged violation.  Docket Entry No. 14.  Before a party can be added, a plaintiff must provide some facts to show there is some factual basis that plaintiff has a right to relief.  Simply listing the name of an individual or describing past acts that are not themselves unlawful is insufficient.  Construing plaintiff's proposed Amended Complaint reveals that plaintiff only provided such descriptions as to defendants Weber, Hayman, Cevasco, Farrell, Hauck, Ifill, and Hochberg.  Because he did not fulfill his requirement as to any other individuals he mentioned in the proposed Amended Complaint, the plaintiff's request to add these individuals as defendants is denied.

      D. <u>Statute of Limitations</u>

      Because 42 U.S.C. §§ 1983 and 1985 do not contain a specific provision regarding the time within which an action pursuant to these sections may be brought, federal courts apply the statute of limitations governing suits for personal injury in the state in which the action arises.  <u>City of Rancho Palos Verdes v. Abrams</u>, 544 U.S. 113, 124 (2005); <u>Wilson v. Garcia</u>, 471 U.S. 261, 275 (1985).  Under N.J.S.A. 2A:14-2, a personal injury action must be commenced "within 2 years next after the cause of any such action shall have accrued."  <u>Cito v. Bridgewater Township Police Dep't</u>, 892 F.2d 23, 25 (3d Cir. 1989) (finding 1983 claims for personal injury are governed by the two-year statute of limitations under N.J.S.A. 2A:14-2).  Although state law sets the period, federal law governs when the clock starts to run.  <u>Cox v. Borough of Fort Lee</u>, No. 05-1498, 2005 WL 2901844, *1 (3d Cir. Nov. 4, 2005) (citing <u>Montgomery v. DeSimone</u>, 159 F.3d 120, 126 (3d

Cir.1998)).  Under federal law, the Court must look "not [to] the date on which the wrong that injures the plaintiff occurs, but the date on which the plaintiff <u>discovers</u> that he or she has been injured."  <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380, 1385 (3d Cir. 1994) (emphasis in original).  Therefore, the "claim accrues in a federal cause of action as soon as a potential claimant either is aware, or should be aware, of the existence of and source of an injury . . . not upon awareness that this injury constitutes a legal wrong."  <u>Hubbard v. Corr. Med. Servs.</u>, Civ. No. 04-3412, 2008 WL 2945988, *4 (D.N.J. July 30, 2008) (quoting <u>Oshiver</u> 38 F.3d at 1386).

For the purposes of starting the statute of limitations "clock," although plaintiff claims the misdiagnosis of his Hepatitis B and C occurred as early as 1999, plaintiff alleges that he was not informed of his cirrhosis of the liver and need for a liver transplant until October 11, 2006.  Docket Entry No. 16.  Since plaintiff's original complaint filed in state court on February 8, 2008 was within two years of when plaintiff was informed of his need for a liver transplant on October 11, 2006, his proposed claims may have been filed within the statute of limitations.  Docket Entry Nos. 1, 16.  This observation, however, does not constitute a ruling that any of the claims against any of the defendants are in fact timely and the defendants may file motions for summary judgment based upon the statute of limitations at the conclusion of discovery.

<u>Conclusion</u>

For all of these reasons, to the extent plaintiff seeks to add the New Jersey Department of Corrections as a defendant, such request is denied with prejudice. The plaintiff's motion to add Counts I and II are denied with prejudice. The plaintiff's motion to add Count III against defendant Correctional Medical Services, Beverly Weber, and Hochberg is granted.  Plaintiff's motion to add Counts IV and V as separate causes of action is denied with prejudice.  Plaintiff's motion to add punitive damage claims for Counts X, XII, XIII, and XIV is granted.  Plaintiff's motion to add punitive damage claims for Counts I, II, III, VI, VII, XI, XV, XVI, and XVII is denied with

prejudice.  Plaintiff's motion to add Count VI and VII is denied with prejudice.  As there are no counts bearing the numbers VIII and IX, no counts with such number may be added.  Plaintiff's motion to add Count X is granted as against defendants CMS, Hayman, Cevasco, Ifill, Hochberg, Hauck, and John Does defendants.  Plaintiff's motion to add Count XI is denied with prejudice. Plaintiff's motion to add Count XII is granted as against defendants CMS, Hayman, Cevasco, Farell, Hauck, Hochberg and John Does.  Plaintiff's motion to add Counts XIII and XIV, with respect to violations of the Eighth Amendment and the New Jersey State Constitution and his right to due process under the Fourteenth Amendment is granted as against defendants CMS, Hayman, Cevasco, Ifill, Hochberg, Hauck, and John Does defendants.  Plaintiff's motion to add Count XIII with respect to a claimed violation of the equal protection clause under the United States and New Jersey Constitutions is denied with prejudice.  Plaintiff's motion to add Count XV is denied with prejudice.  Plaintiff's motion to add Count XVI is denied with prejudice.  Plaintiff's motion to add Count XVII is denied with prejudice.  Plaintiff's motion for leave to file an Amended Complaint against any other individual named in the proposed Amended Complaint is denied.


                                              s/Patty Shwartz
                                              UNITED STATES MAGISTRATE JUDGE



DATE: November 19, 2008